FILED

AUG 3 0 2007

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 06cr1035-BTM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PRELIMINARY ORDER |
| | ) | OF CRIMINAL FORFEITURE |
| RICARDO ROBERTO GONZALEZ-CAMACENA (1), | ) | |
| Defendant. | ) | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture, pursuant to Title 18, United States Code, Section 982(a)(6)(A), of all right, title and interest in any and all property, real or personal, of the above-named Defendant that constitutes, or was derived from, or is traceable to violations of Title 8, United States Code, Section 1324(a)(1)(A) (conspiracy to transport and move illegal aliens) and/~~or all property involved in or property traceable to property involved in violations of Title 18, United States Code, Section 1957 and Section 2, (specified unlawful activity~~), forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and

WHEREAS, on or about ~~July 26~~ August 30, 2007, the above-named Defendant, RICARDO ROBERTO GONZALEZ-CAMACENA (1) ("Defendant"), pled guilty to Counts One, ~~Two,~~ and Three of a Superseding Information in this case, which plea included Defendant's consent to the criminal forfeiture allegations pursuant to 18 U.S.C. §982(a)(6)(A) for violations of 8 U.S.C. § 1324(a)(1)(A) charged in Count One; ~~and pursuant to 18 U.S.C. § 982(a)(1) for violations of 18 U.S.C. § 1957 and § 2, charged in Count Two~~, and Defendant agreed to forfeit to the United States

| | |
|---|---|
| 1 | any and all right, title, and interest he possesses in each of the assets listed below (collectively |
| 2 | referred to as "forfeitable assets") which forfeitable assets, constitute, or were derived from, or are |
| 3 | traceable proceeds obtained directly or indirectly from the Count One violation and/or are CA |
| 4 | ~~properties involved in or property traceable to properties involved in the Count Two violation:~~ |

    a.    All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at xxxx Conquistador, Oceanside, California, more particularly described as:

> Lot 117 of Rancho Del Oro Village III, Tract 3.1 in the City of Oceanside, County of San Diego, State of California, according to map thereof no. 12293, filed in the Office of the County Recorder of San Diego County, January 12, 1989. A.P.N. 161-651-53-00.

    b.    Approximately $193,739.00 in United States currency that was seized on or about October 28, 2004 from the residence at xxxx Conquistador, Oceanside, California.

    c.    Approximately $121,300.00 in United States currency that was seized on or about October 28, 2004 from the residence at xxxx Jefferson Street, Carlsbad, California.

    d.    Approximately $19,714.49 in United States currency that was seized on or about December 17, 2004 from account number xxxxxxx772 held in the name of Luisa E. Pizarro at Wells Fargo Bank.

    e.    Approximately $8,2788.78 in United States currency that was seized on or about December 17, 2004 from account number xxxxxx904 held in the name of Luisa E. Pizarro at Wells Fargo Bank.

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offenses to which the Defendant has pled guilty.

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. § 982(a)(6)(A) and as property that constitutes or is derived from proceeds obtained directly or indirectly from the commission of the Count One violation ~~and/or are property involved in or property traceable to property involved in Defendant's Count Two violation and~~ forfeitable pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

//
//

|   |   |
|---|---|
| 1 | WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the forfeitable assets listed in paragraphs a through e above, which was found forfeitable by the Court; and |
| 4 | WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received; |
| 6 | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: |
| 7 | 1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant RICARDO ROBERTO GONZALEZ-CAMACENA in the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n): |

   a. All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at xxxx Conquistador, Oceanside, California, more particularly described as:

   Lot 117 of Rancho Del Oro Village III, Tract 3.1 in the City of Oceanside, County of San Diego, State of California, according to map thereof no. 12293, filed in the Office of the County Recorder of San Diego County, January 12, 1989. A.P.N. 161-651-53-00.

   b. Approximately $193,739.00 in United States currency that was seized on or about October 28, 2004 from the residence at xxxx Conquistador, Oceanside, California.

   c. Approximately $121,300.00 in United States currency that was seized on or about October 28, 2004 from the residence at xxxx Jefferson Street, Carlsbad, California.

   d. Approximately $8,278.78 in United States currency that was seized on or about December 17, 2004 from account number xxxxxxx772 held in the name of Luisa E. Pizarro at Wells Fargo Bank.

   e. Approximately $19,714.49 in United States currency that was seized on or about December 17, 2004 from account number xxxxxxx772 held in the name of Luisa E. Pizarro at Wells Fargo Bank.

   2. The aforementioned forfeited asset are to be held by the United States Customs and Border Protection ("CBP") in its secure custody and control.

   3. Pursuant to Rule 32.2(b)and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the CBP's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 8/30/07

BARRY TED MOSKOWITZ, Judge
United States District Court

06cr1035